UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERIEL D. WADSWORTH,

    Plaintiff,

v.

                             Case No. 25-10366
                             Honorable Linda V. Parker

T.J. ACKERT, Judge,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On February 7, 2025, Plaintiff filed this lawsuit against T.J. Ackert, a judge in the 17th Circuit Court in Kent County, Michigan. (ECF No. 1.) Although Plaintiff's Complaint is devoid of facts, an attachment to his pleading suggests that he has filed this lawsuit based on Judge Ackert's handling of parental termination proceedings involving Plaintiff's daughter. (*See id.* at PageID. 6.) Plaintiff appears to be asserting that Judge Ackert's jurisdiction does not extend beyond the District of Columbia's borders and, therefore, he was acting outside his authority. Plaintiff seeks only monetary damages arising from Judge Ackert's conduct.

Plaintiff also has filed an application to proceed in forma pauperis in this matter. (ECF No. 2.) The Court is granting the application. *See* 28 U.S.C. § 1915.

However, the Court is summarily dismissing Plaintiff's Complaint with prejudice pursuant to § 1915(e)(2).

The statute requires district courts to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint is subject to summary dismissal because Judge Ackert is entitled to absolute judicial immunity. *Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (citing *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997)). As the Sixth Circuit explained in *Barnes*:

> It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, . . . (1991); *Forrester v. White*, 484 U.S. 219, . . . (1988); *Stump v. Sparkman*, 435 U.S. 349 . . . (1978); *Pierson v. Ray*, 386 U.S. 547 . . . (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 . . . (1872). Immunity from a § 1983 suit for money damages is no exception. *See Pierson*, 386 U.S. at 554, 87 S. Ct. at 1217-18. The doctrine of judicial immunity is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine*, 508 U.S. at 435 . . ..

105 F.3d at 1115 (brackets omitted). The doctrine of absolute judicial immunity protects "a sweeping range of judicial actions." *Id.* "In fact . . . 'a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority,' nor 'if his exercise of authority is flawed by the commission of grave procedural errors.'" *Id.* (quoting *Stump*, 435 U.S. at 356, 359) (brackets omitted).

Absolute judicial immunity is overcome only by (1) "non judicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Barnes*, 105

F.3d at 1116 (quoting *Mireles*, 502 U.S. at 11-12).  Despite Plaintiff's belief otherwise, Judge Ackert's decisions in the Kent County Circuit Court proceedings were undisputedly taken in his judicial capacity.  *See id*.  The Complaint contains no non-frivolous allegations suggesting that these judicial actions were in the absence of jurisdiction.

Further, any tort claims also are barred by Michigan's governmental immunity statute.  *See* Mich. Comp. Laws § 691.1407(5).  To the extent Plaintiff is seeking review of Judge Ackert's judicial decisions (whether in the form of injunctive or declaratory relief), his request is barred by the *Rooker-Feldman* doctrine.  *See Coleman v. Governor of Michigan*, 413 F. App'x 866, 870-71 (6th Cir. 2011) (describing the doctrine announced in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which "prohibits district courts from conducting appellate review of state court decisions").  The *Rooker-Feldman*  doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quoting *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004)).  Any challenge Plaintiff wishes to bring to Judge Ackert's decisions in the state court proceedings must be raised in the state appellate courts and then, if necessary, the United States Supreme Court. *Coleman*, 413 F. App'x at 872.

4

Lastly, the Eastern District of Michigan is the wrong venue for Plaintiff to bring this action. Venue in a civil action is governed by 28 U.S.C. § 1391(b). The statute provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The judicial proceedings at issue were in Kent County. The Court presumes that Judge Ackert resides in or near Kent County, as well. The proper venue for this matter is the Western District of Michigan, where Kent County is located. *See* 28 U.S.C. § 102(b)(1).

For these reasons,

**IT IS ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff seeks to appeal this decision, leave to proceed in forma pauperis on appeal is denied as any appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: February 12, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 12, 2025, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager